IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| **SIRIUS XAVIER MICHAELS,** | |
| *Plaintiff,* | **CIVIL ACTION NO.** |
| **v.** | **3:26-cv-00031-TES** |
| **DARA SHAPLAND,** *et al.,* | |
| *Defendants.* | |

**ORDER**

On April 9, 2026, the Court ordered Plaintiff Sirius Xavier Michaels to show cause and provide an update on the current status of his misdemeanor stalking charge from March 24, 2024. *See* [Doc. 3]. As noted in the Order, the Court expressed concern with whether the *Younger* abstention doctrine may apply in this case. [*Id.*]. On April 23, 2026, Plaintiff filed his Response [Doc. 4].

In his Response, Plaintiff informed the Court that his "criminal case is in fact ongoing in the Superior Court of Athens-Clarke County, and includes the misdemeanor stalking charge for which Plaintiff was arrested for on March 24, 2024, as stated in the Complaint." [Doc. 4, p. 1]. Plaintiff also explicitly states that he "filed in a timeframe that undercuts what would have been the deadline of statue of limitations for this civil action." [*Id.* at p. 3]. This does not alleviate the Court's abstention concerns.

*Younger v. Harris*'s abstention doctrine "derives from 'the vital consideration of

comity between the state and national governments,'" and it prevents this Court from interfering with the ongoing criminal prosecution against Plaintiff out of Athens-Clarke County. 401 U.S. 37 (1971); *31 Foster Children v. Bush*, 329 F.3d 1255, 1279 (11th Cir. 2003). In *Younger*, the Supreme Court held that federal courts should abstain from suits aimed at restraining pending state criminal prosecutions. 401 U.S. at 41. Federal courts "should assume that state procedures will afford an adequate remedy" to address allegations of the kind asserted by Plaintiff in this case. *See 31 Foster Children*, 329 F.3d at 1279. The Court must consider "the likelihood" that this case will "seriously disrupt[] the legitimate functioning of the judicial system of the state." *Wells v. Mulholland*, No. 24-12535, 2025 WL 1860248, at *1 (11th Cir. July 7, 2025).

While the Court notes the exceptions to *Younger* abstention, none are applicable to Plaintiff's case. *See generally* [Doc. 4]. Specifically, these exceptions look to whether "(1) there is evidence of state proceedings motivated by bad faith; (2) irreparable injury would occur; or (3) there is no adequate alternative state forum where the constitutional issues can be raised." *Wells*, 2025 WL 1860248, at *2 (quoting *Johnson v. Florida*, 32 F.4th 1092, 1099 (11th Cir. 2022)). Here, Plaintiff's allegations present no evidence of bad faith from Defendants Dara Shapland, Kyle Sartain, and Keegan Maloney. While Plaintiff vaguely alleges that "in bad faith, prosecution was brought forth on this charge without a reasonable expectation of obtaining a valid conviction against him . . ." [*Id.* at p. 2], there is nothing to suggest that Plaintiff faces criminal prosecution "motivated . . . by a

purpose to retaliate for or to deter" constitutionally protected conduct. *Id.* (quoting

*Wilson v. Thompson*, 593 F.2d 1375, 1387 (11th Cir. 1979)). Further, there is no irreparable-injury concern for the Court since the events Plaintiff complains about took place on March 24, 2024. [*Id.* at p. 1]. And, lastly, the state criminal prosecution will afford Plaintiff the opportunity to raise his constitutional concerns as a defense against his criminal charges.

Since Plaintiff's claims are insufficient to overcome *Younger*, the Court **STAYS** and **ADMINISTRATIVELY CLOSES** this case until his criminal prosecution from Athens-Clarke County has concluded. Upon final disposition of Plaintiff's state law criminal charges, he must, within ***30 days***, move the Court to reopen this case if he still wishes to pursue his claims.

**SO ORDERED**, this 24th day of April, 2026.

S/ Tilman E. Self, III
**TILMAN E. SELF, III**
**UNITED STATES DISTRICT JUDGE**

3